```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ANTHONY GARGIULO,

                Plaintiff,          MEMORANDUM OPINION AND
                                    ORDER

        -against-                   06 Civ. 2461 (MGC)


FORSTER & GARBUS ESQS.,

                Defendant.

----------------------------------X

APPEARANCES:

        BLEICHMAN & KLEIN
        Attorneys for Plaintiff
        268 West Route 59
        Spring Valley, New York 10977

        By:  Joshua N. Bleichman, Esq.

        FORSTER & GARBUS, ESQS.
        Attorneys for Defendant
        500 Bi-County Road
        P.O. Box 9030
        Farmingdale, New York 11735-9030

        By:  Julie L. Mer, Esq.
             Jacques Nazaire, Esq.
             Joel D. Leiderman, Esq.
```

**Cedarbaum, J.**

Anthony Gargiulo ("Gargiulo") sues Forster & Garbus, Esqs. for violation of the Fair Debt Collection Practices Act and for defamation.  Forster & Garbus, Esqs. ("Forster & Garbus") now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure

1

to state a claim upon which relief can be granted.  For the reasons that follow, the motion to dismiss is granted.

**Background**

In January 2005, Capital One retained Forster & Garbus to sue Gargiulo for about $1,656 due on Gargiulo's credit card account.  According to his affidavit of service, Kenneth Miller went to Gargiulo's apartment building at 1425 Amsterdam Avenue in Manhattan, on January 28, 2005.  There he left a copy of the summons and complaint at Apartment 3C, with "Jane Gargiulo," a 70 year old woman who identified herself as a relative of Anthony Gargiulo.  Miller's affidavit further states that he mailed a copy of the summons and complaint to 1425 Amsterdam Ave., Apt. 3C by first class mail.  The summons was filed with the Civil Court on February 2, 2005.

Anthony Gargiulo lives in Apartment 6A of 1425 Amsterdam Avenue.  He maintains that he has never heard of "Jane Gargiulo" who lives in Apartment 3C, and so never received notice of the complaint.  Gargiulo had not appeared in the action by April 2005, and Foster & Garbus sought a default judgment.  The Civil Court entered a default judgment in favor of Capital One Bank for $1,824.55 on April 25, 2005, and that judgment was executed on Gargiulo's checking account.  As a result, several checks written on that account were returned unpaid, alerting Gargiulo to the

2

suit against him. The default judgment was vacated by consent on August 3, 2005.

Gargiulo first commenced a negligence action against Forster & Garbus in the Civil Court on August 29, 2005.  That action was voluntarily discontinued.  Gargiulo filed the present action against Forster & Garbus on March 29, 2006 for violation of the Fair Debt Collection Practices Act ("FDCPA"), defamation, and intentional infliction of emotional distress.[1]  Gargiulo contends that Forster & Garbus made false statements in affidavits submitted in support of the default judgment in violation of 15 U.S.C. § 1692e.  He argues that the defendant defamed him in those affidavits and also defamed him by obtaining a default judgment against him.  Forster & Garbus now moves to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**Discussion**

When deciding a motion to dismiss, I presume that the allegations of fact in the complaint are true and draw all reasonable inferences in the plaintiff's favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008).  On this Rule 12(b)(6) motion, I may consider documents attached to the complaint or incorporated by reference, such as the affidavits containing the allegedly actionable statements. Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000).

---

[1] The claim for intentional infliction of emotional distress was dismissed with prejudice at oral argument on September 28, 2006.

3

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2000)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is "plausible on its face" when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**A.  The Fair Debt Collection Practices Act Claim**

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq., is intended to eliminate "abusive debt collection practices" and imposes civil liability on any "debt collector" who does not comply with its provisions.[2] § 1692k.  Among the practices forbidden by the FDCPA is the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e.  Section 1692e's general prohibition is amplified by a non-exclusive list of forbidden misrepresentations.  Gargiulo's first claim is that Forster & Garbus violated the Fair Debt Collection Practices Act by making false statements in the affidavits submitted to the Civil Court.

---

[2] Forster & Garbus is subject to the FDCPA because it is a law firm that "regularly engage[s] in consumer-debt-collection activity". Heintz v. Jenkins, 514 U.S. 291, 299 (1995).

4

The first allegedly false statement is found in the affidavit of Clarissa Horton, a Capital One employee.  Therein, Horton states that "Defendant(s) is in default and demand for payment has been made."  Gargiulo interprets "in default" to refer to the Civil Court action and reasons that her statement was false because Horton knew or should have know he was not properly served.  This interpretation is manifestly illogical.  The affidavit is dated January 17, 2005.  The Civil Court action was not commenced until January 28, 2005.  The affidavit was made by a Capital One employee and concerns Gargiulo's credit card account at Capital One.  The only reasonable interpretation of "in default" is that Gargiulo was in default of his agreement to pay Capital One – a fact he does not contest.

The second allegedly false statement was made by Edward Damsky, an associate of Foster & Garbus.  Damsky submitted an affidavit entitled "Non-Military Affirmation" wherein Damsky states that he is convinced that Gargiulo is not in the Armed Forces based on information supplied by the Department of Defense.  According to Gargiulo, Damsky's statement that the information in the affidavit is "based on my personal knowledge or review of the file maintained by our office" is false.  Gargiulo concludes that Damsky lied about reviewing the file based on a discrepancy between the apartment number shown on his

Capital One bill and the affidavit of service according to a syllogism set out in the margin.[3]

The factual allegations of a complaint must be enough "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  Legal conclusions "couched as factual allegations" are not accepted as true.  Iqbal, 129 S. Ct. at 1950.  Thus, it is not enough to allege that the complained-of statements were false.  Gargiulo must plead facts that, when taken as true, give rise to a plausible inference that the statements are false.  It is simply too speculative to infer that Damsky never reviewed the file based on a discrepancy between documents that were not material to the matter set out in his affidavit and conjecture about how Damsky would have acted had he noticed this discrepancy.

Because Gargiulo's Amended Complaint fails to plausibly allege that the complained-of statements were false, his claim under § 1692e of the FDCPA must be dismissed.

**B. Defamation**

To state a claim for defamation under New York Law, the plaintiff must allege (1) a false statement about the plaintiff; (2) published to a third party without authorization or

---

[3] Gargiulo reasons as follows: had Damsky reviewed the file, he would have noticed the discrepancy in the apartment numbers mentioned on those two documents and communicated that to Glenn Garbus, who submitted an affidavit in support of the default judgment.  But, Garbus filed his affidavit, which according to Gargiulo means that Damsky did not alert Garbus, which in turn means that Damsky must not have reviewed the file.

6

privilege; (3) through fault amounting to at least negligence on part of the publisher; (4) that either constitutes defamation per se or caused "special damages."  Dillion v. City of New York, 261 A.D. 2d 34, 38, 704 N.Y.S. 2d 1 (1st. Dept. 1999)(citing Rest. 2d. Torts § 558).  Gargiulo's defamation claim must be dismissed because he fails to identify a false statement about him that is capable of a defamatory construction.

The alleged defamatory statements are the same two that were meant to support Gargiulo's FDCPA claim: Damsky's statement that he has reviewed Gargiulo's file, and Horton's statement that Gargiulo "is in default."  I have already explained why Gargiulo's conclusion that the statements are false is implausible.  He also has not attempted to suggest how the words sworn to in those affidavits are "reasonably susceptible of a defamatory meaning" without adopting a "strained or artificial construction."  Id.  Nor has he explained why the "absolute privilege" for statements made in judicial proceedings would not apply.[4]  His claim for defamation must therefore be dismissed.[5]

---

[4] See Larcher v. Engel, 33 A.D.3d 10, 13 (1st Dept. 2006) (citing Youmans v. Smith, 153 N.Y. 214, 219 (1897) ("A statement made in the course of legal proceedings is absolutely privileged if it is at all pertinent to the litigation")).

[5] In his memorandum in opposition to the motion to dismiss, Gargiulo attempts to cast the default judgment itself as defamatory because its execution on his checking account caused several checks to bounce, which in turn caused the payees of those check to believe he is a "dead-beat."  This argument merits little discussion.  The default judgment was not "false," even if it ought not to have issued.  And Gargulio has not explained why the judgment would not be covered by the privilege for judicial proceedings.

7

**C. Futility of Amendment**

In his Memorandum in Opposition to the motion to dismiss, Gargiulo asks for leave to replead.  Although leave to replead is "liberally granted," I may deny leave to replead when the plaintiff has repeatedly failed to cure the deficiencies in his complaint or when amendment would be futile.  <u>Rutolo v. City of New York</u>, 514 F.3d 184, 191 (2d Cir. 2008) (<u>citing</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  The present Amended Complaint is Gargiulo's third complaint.[6]  Gargiulo has not shown how he might "transform the facts pleaded into a sufficient allegation" of defamation or a violation of the FDCPA.  <u>Lewis ex re. American Express Co. v. Robinson</u> (<u>In re American Express Co. Securities Litigation)</u>, 39 F.3d 395, 402 (2d Cir. 1994).

---

[6] The original Complaint was superseded by the "Amended Crossclaim" filed on May 3, 2006.  I dismissed that Amended Complaint at oral argument held on September 28, 2006, and gave leave to replead the FDCPA and defamation claims.

**Conclusion**

For the foregoing reasons, defendant's motion to dismiss is granted with prejudice.  The Clerk of the Court is directed to close the case.

SO ORDERED.

Date:    New York, New York
         September 1, 2009

                                S/_____
                                    MIRIAM GOLDMAN CEDARBAUM
                                   United States District Judge

9